**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRADFORD C. HAGERMAN,

     Plaintiff,

v.                                                    Case No. 8:25-cv-3376-KKM-TGW

WELLS FARGO ADVISORS
FINANCIAL NETWORK LLC,

     Defendant.

_____

## <u>ORDER</u>

Bradford Hagerman petitions to vacate an arbitration award that a Financial Industry Regulation Authority (FINRA) arbitrator granted to Wells Fargo Advisors Financial Network, LLC. Pet. (Doc. 1-1). In response, Wells Fargo cross-petitions for confirmation of the award and attorney's fees and costs. Cross Pet. (Doc. 6). For the reasons below, I deny the petition to vacate and grant the cross petition to confirm the award and motion for fees and costs.

## I.    BACKGROUND

In 2010, Brad Hagerman obtained two promissory notes from Wells Fargo, each worth $135,000. *See* Pet. at 3; First Note (Doc. 6-1); WCL Note (Doc. 6-2); Cross Pet. at 2. The notes provided a final due date of January 31, 2018, WCL Note at 2, and October 31, 2018, First Note at 2. They also

designated "the arbitration facility of the Federal Industry Regulatory Authority" as the exclusive forum to resolve "any controversy arising out of [the notes]." First Note at 3; WCL Note at 3 (same).

In 2025, Wells Fargo initiated arbitration proceedings against Hagerman, alleging that he failed to repay the amounts due on the notes. Pet. at 3. Though he received notice, Hagerman did not respond or participate in the proceedings. *See id.* ¶¶ 19, 21; Cross pet. at 3; Award (Doc. 1-3) at 2–3. On October 24, 2025, the arbitrator decided in favor of Wells Fargo, concluding that Hagerman was liable for the balance and interest of both notes, attorney's fees under the notes' terms, and FINRA fees. Award at 3–5.

Less than one month later, Hagerman filed a petition in Florida state court to vacate the award under § 682.13, Fla. Stat. Pet. at 2. Wells Fargo removed the action to this Court, Notice of Removal (Doc. 1), and cross-petitions to confirm the award, Cross Pet. Hagerman opposes the cross petition, Resp. (Doc. 11), and Wells Fargo replies, Reply (Doc. 17).

The award includes a summary of the proceedings and the arbitrator's findings. "[Wells Fargo] asserted a cause of action for breach of two promissory notes dated January 14, 2010," each with a principal sum of $135,000. Award at 2. The arbitrator found that Hagerman "was served with the Claim Notification letter" both by regular and FedEx mail on two occasions and was

2

sent a "Notification of Arbitrator" via email. *Id.* at 3. Although the Notification letter explained that parties must use an online portal to submit filings, Hagerman did not register for the portal. *Id.* And because he "did not file a Statement of Answer," the arbitrator explained, "this matter proceeded pursuant to Rule 13807(e)(1) of the Code of Arbitration Procedure." *Id.*

The Arbitrator "acknowledge[d] having read the pleadings and other materials filed by the parties." *Id.* She concluded that Hagerman was liable for $18,516.55 on the First Note, plus interest; $61,131.92 on the WCL Note, plus interest; "$18,000 in attorney's fees pursuant to the terms of the Notes;" and $1,300 in FINRA fees. *Id.* at 3–4.

## II.   Legal Standard

"Because arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law." *UBS Fin. Servs., Inc. of Puerto Rico v. Efron*, No. 23-13879, 2025 WL 1833578, at \*5 (11th Cir. July 3, 2025) (per curiam) (quoting *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007)). "There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." *Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*, 160 F.4th 1110, 1119 (11th Cir. 2025) (citation modified). Thus, "courts may vacate an

arbitrator's decision 'only in very unusual circumstances.'" *Id.* (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013)). Vacatur is only appropriate when a plaintiff "prov[es] the existence of one or more of four statutorily enumerated causes for reversal set forth in 9 U.S.C. § 10(a)(1)–(4)." *Wiand v. Schneiderman*, 778 F.3d 917, 925 (11th Cir. 2015). The grounds for reversal are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4).

"9 U.S.C. § 9 dictates that '[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . the court must grant such an order unless the award is vacated, modified, or corrected.'" *Bellemore v. SSS Educ. Inc.*, No. 8:19-CV-2053-SDM-JSS, 2022 WL 17481482, at *1 (M.D. Fla. Sept. 21, 2022) (quoting 9 U.S.C. § 9); *see also S. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1357 (11th Cir. 2013).

## III.   ANALYSIS

Hagerman fails to prove grounds for vacatur under the FAA. Because vacatur is unwarranted and the notes provide for entry of judgment, I confirm the award.

### A. The FAA Applies to this Action

I begin with the threshold question of what law to apply. Although Hagerman seeks vacatur under the Florida Arbitration Code, § 682.13, Fla. Stat., Pet. at 1, Wells Fargo contends that the FAA, supplemented by the Florida Arbitration Code, governs. *See* Cross Pet. at 4. Hagerman does not contest either point and impliedly concedes that the FAA applies. *See* Resp. at 6 (citing the FAA as the source of "grounds for vacation of the Award").

I apply the FAA to consider vacatur and confirmation. Because the contract involves interstate commerce, the FAA applies by default. *See Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1303 (11th Cir. 2014). Whether—and to what extent—state law applies in an arbitration enforcement proceeding are not straightforward questions. *Compare id.* ("[I]f a contract involves interstate commerce, a court must resolve arbitration disputes according to the FAA, regardless of whether that court is a federal court sitting in diversity."), *with Gulfstream Aerospace Corp. v. Oceltip Aviation 1 Pty Ltd.*, 31 F.4th 1323, 1325 (11th Cir. 2022) (per curiam) (holding that parties can contract out of the

application of the FAA). In any event, neither party explains why Florida law would govern any part of the instant dispute.[1] I apply the FAA.

**B. Vacatur is Not Warranted**

Hagerman fails to "bear[] the heavy burden of demonstrating that vacatur is appropriate." *Reach Air*, 160 F.4th at 1119. He invokes all four grounds under the FAA: corruption, partiality, misconduct, and misuse of authority. I address each in turn.[2]

i.    **Corruption, Fraud, or Undue Means**

The first ground for vacatur is "where the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). The Eleventh Circuit "appl[ies] a three-part test" to allegations of fraud under this provision: "(1) The movant must establish the fraud by clear and convincing evidence; (2) the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration; and (3) the person seeking to vacate the award must demonstrate that the fraud materially related to an issue in the

---

[1] Indeed, the notes' choice-of-law clauses "call for the application of the laws of the State of Missouri," First Note at 3; WCL Note at 3, not the State of Florida. Though, even assuming parties can contract out of the FAA, this clause only designates Missouri law as the standard to resolve the underlying dispute, not to determine vacatur. *See Gulfstream Aerospace*, 31 F.4th at 1325 (explaining that a choice-of-law clause does not set the standard for arbitration enforcement unless the contract "say[s] so clearly and unmistakably").

[2] Because Hagerman does not always specify the legal basis for his objections, I assess each under the most applicable prong of the FAA.

6

arbitration." *Reach Air*, 160 F.4th at 1121 (citation modified). Likewise, allegations of fraud are subject to "the heightened pleading standards of Rule 9(b)." *Id.*

Hagerman refers vaguely to "fraud perpetrated by the opposing party." Pet. ¶ 27. He does not specify the statement or omission that qualifies as "fraud," and thus his argument fails for lack of specificity alone. *See Reach Air*, 160 F.4th at 1121.

Even if I assume that Hagerman was referring to allegations elsewhere in the complaint, he still does not provide a basis for vacatur. For example, Hagerman alleges that Wells Fargo failed to inform the judge that its claim was time barred. He cites no authority to show that Wells Fargo was required to inform the panel about a time bar—indeed, the FINRA rules explicitly provide for dismissal by *motion* of a party. *See* FINRA Rule 13206(b). What is more, Hagerman omits the rest of the rule, which states that "[t]he [arbitration] panel will resolve any questions regarding the eligibility of a claim under this Rule." FINRA Rule 13206(a). In any event, whether the claim was time barred is not for me to decide. *See UBS Fin. Servs., Inc. v. Walzer*, No. 9:19-CV-81161, 2019 WL 7283220, at *4 (S.D. Fla. Dec. 27, 2019) ("[A]ssertions of legal error" concerning "an affirmative defense to enforcement of the notes" or "the panel's construction of FINRA rules regarding the parties

entitled to participate in the arbitration" are "not bases for vacatur because the courts do not exercise general appellate review of arbitration awards.") (citing *So. Comm'ns Servs., Inc.*, 720 F.3d at 1359).

Hagerman's accusation that Wells Fargo "acted in bad faith in communications with [him]" fares no better. Pet. at 4. Hagerman alleges that "less than a week before the hearing," opposing counsel "failed to mention that a hearing was scheduled within the week, which [counsel] was presumably aware of at that time." *Id.* ¶ 16. This allegation is not plausible given that there was no hearing, which Hagerman elsewhere admits. *See* Resp. at 6. Even if I assume the allegation is true, it fails because minimal due diligence would have clarified the timing of the proceedings. Despite receiving notice of the arbitration, Hagerman did not even "log[] into the FINRA portal." Pet. ¶ 19. Accordingly, he fails to show a basis for vacatur.

Last, Hagerman accuses Wells Fargo's counsel of engaging in the unauthorized practice of law. Pet. ¶¶ 10–11. He reaches this conclusion based on the attorney's online law firm profile and the fact that "Hagerman did not receive notice of Mr. Maziarz's pro hac vice filing from FINRA." *Id.* This allegation is baseless. Wells Fargo explains that "the Florida Bar permits non-Florida attorneys to appear in FINRA arbitrations in Florida." Cross Pet. at 13. Moreover, counsel served Hagerman with a statement to this effect in

8

October 2025, which Hagerman does not deny. *Id.*; *see generally* Resp. Hagerman's argument is frivolous.

None of Hagerman's arguments demonstrate a basis for vacatur under the "fraud" or "undue means" prongs.

### ii.    Partiality

The second basis for vacatur is "where there was evident partiality or corruption in the arbitrator[]." 9 U.S.C. § 10(a)(2). Hagerman asserts that "[t]he Award should be vacated because of evident partiality in the arbitrator." Pet. ¶ 28. He identifies no evidence and makes no argument. Such a conclusory challenge fails and I do not examine it further. *Cf. Crain v. Sec'y, Dep't of Corr.,* No. 8:12-CV-0322-KKM-AAS, 2022 WL 20472602, at \*19 (M.D. Fla. Sept. 30, 2022) ("[O]n appeal, a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority' " (quoting *Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 681 (11th Cir. 2014))).

### iii.    Misconduct

The third basis for vacatur is "where the arbitrator[ was] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of

9

any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3).

To this end, Hagerman insists that "[t]he Award is illogical, defies common sense, and could only have been entered due to the sole arbitrator's misconduct." Pet. ¶ 24. He offers three grounds: the timing of arbitration, the lack of a hearing, and failure to consider the evidence. Each fails.

First, Hagerman repeats that the arbitrator erred by ruling on claims that "were clearly outside the statute of limitations." Pet. ¶ 23; *see also* Resp. at 4–7. For the reasons explained above, this objection fails.

Second, Hagerman insists that vacatur is necessary because he "had a right to be heard" at an arbitration hearing. Pet. at 5 (citation modified). "To establish misconduct" under the FAA, "the party moving for vacatur must show that there was no reasonable basis for the arbitrator's refusal to postpone the hearing." *CM S. E. Texas Houston, LLC v. CareMinders Home Care, Inc.*, 662 F. App'x 701, 704 (11th Cir. 2016) (per curiam) (citing *Johnson v. Directory Assistants, Inc.*, 797 F.3d 1294, 1301 (11th Cir. 2015) (per curiam). There is no indication that Hagerman asked the arbitrator to postpone a hearing (or appeared in the case at all). *See* Award. Failure to grant a non-existent request for an extension is not a basis for vacatur. *See Johnson*, 797 F.3d at 1301 (explaining that where there is "no request for extension, vacatur is

10

inappropriate under § 10(a)(3) for a failure to postpone a hearing"). Hagerman's objection is frivolous under the plain text of the statute.

Third, Hagerman alleges that the arbitrator did not examine the evidence, which he infers based on the amount that she concluded he owed under the Notes. *See* Resp. at 7. That amounts to a merits dispute. But regardless, Hagerman does not explain how failure to *consider* evidence amounts to a "*refus[al]* to hear evidence" under the statute. *See* 9 U.S.C. § 10(a)(3) (emphasis added); *cf. Johnson*, 797 F.3d at 1301 (rejecting a "bald[] assert[ion] that the arbitrator failed to consider evidence). This objection fails.

### iv.    Misuse of Authority

The last ground for vacatur is "where the arbitrator[] exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(d). "The arbitrator acts within her authority when she even arguably interprets a contract, and she exceeds her authority when she modifies the contract's clear and unambiguous terms." *Wiregrass Metal Trades Council AFL-CIO v. Shaw Env't & Infrastructure, Inc.*, 837 F.3d 1083, 1088 (11th Cir. 2016). The "sole question under § 10(a)(4) is whether the arbitrator (even arguably) performed the assigned task, not whether she got the outcome right or wrong." *Reach Air*,

11

160 F.4th at 1120 (citation modified). "Few awards are vacated because the scope of the arbitrator's authority is so broad." *Id.* at 1119 (citation modified).

Hagerman repeats some of his prior arguments. For example, he rehashes the time-bar objection, this time as evidence that the arbitrator exceeded and misused her authority by ruling on an ineligible claim. Pet. at 3. For the reasons explained, this issue is not for me to decide and could have been raised by motion.

Hagerman also reasserts the allegation that the arbitrator failed to consider evidence. Specifically, he avers that "[i]t is clear on the face of the documents that [he] does not owe the amounts alleged in the award" because the documents "clearly stated that *some* of the loans purportedly at issue were paid off." Resp. at 2–3 (emphasis added). Hagerman excerpts part of a "Loan Detail Report" that appears to list a loan as "paid off." *See id.* at 8. Wells Fargo counters that Hagerman "obfuscate[ed] the remainder of the document proving that his debt on both Notes remains outstanding." Reply at 2.

Upon review of the "Loan Detail Report," I conclude that Hagerman raises a contract interpretation objection that is not a basis for vacatur. Even assuming the arbitrator interpreted the Report incorrectly—and it does not appear that she did—my role is "not [to] re-examine the merits or factual determinations of the underlying arbitration award." *Graybeal v. Wells Fargo*

12

*Clearing Servs., LLC*, No. 6:24-CV-01199-CEM-UAM, 2025 WL 1276849, at *1 (M.D. Fla. Mar. 27, 2025) (quoting *DAS Health Ventures, Inc. v. Advanced Physicians, S.C.,* No. 8:20-cv-1804-T-60SPF, 2021 WL 118975 at *1, (M.D. Fla. Jan. 13, 2021).

To be clear, Hagerman does *not* allege that the arbitrator exceeded her authority by adjudicating the amount owed on a *different* loan (and thus potentially a different contract). *See* Resp. Nor does he suggest that Wells Fargo lied to the arbitrator about the evidence. *See id.* Instead, Hagerman alleges that the arbitrator was not thorough enough in her review because she (purportedly) got the outcome wrong. *See* Resp. at 2–3. Even if she were wrong, that is not a ground for vacatur. *See Wiregrass Metal*, 837 F.3d at 1087 (explaining that a court "must defer entirely to the arbitrator's interpretation of the underlying contract no matter how wrong [it] think[s] that interpretation is").

The only question is whether the arbitrator interpreted the parties' contract. This she did. The award determines the amount owed under the two notes at issue. *See* Award at 3–4. Hagerman fails to carry his burden.

### v. Objection to Fees

Hagerman's last objection is that the arbitrator's award of $18,000 in attorney's fees was too high. *See* Resp. at 3. He reasons that because he failed

13

to appear at the arbitration, Wells Fargo should only have had "minimal" fees. Resp. at 3. Hagerman does not object to the *fact* that she awarded fees, just the amount. This is a merits argument, not a basis for vacatur. His objection fails, and I deny the petition.

### C. Confirmation of the Award

I turn next to Wells Fargo's cross petition to confirm the award. There are two requirements to confirm an award. First, the arbitration contract must show that the parties "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. Second, the award must not otherwise be "vacated, modified, or corrected." *Id.*; *see Bellemore*, 2022 WL 17481482, at *1.

As explained above, there are no grounds to vacate the award. And though Hagerman does not contest whether the parties agreed to entry of judgment by a court, I conclude that they did.

Both notes provide that disputes "shall be brought before the arbitration facility of the [FINRA] to the exclusion of all others." First Note at 3; WCL Note at 3. The First Note provides for entry of judgment expressly. *See* First Note at 3 ("Judgment upon any award rendered by an arbitration panel may be entered in any state or federal court of competent jurisdiction."). The WCL Note does not contain any such language. *See* WCL Note at 3. Nonetheless, absent

14

express agreement, courts routinely deem sufficient a contract's incorporation of institutional rules that provide for entry of judgment. *See, e.g.*, *Ghaly v. Sun Pack & Ship, Inc.*, No. 6:24-CV-629-CEM-UAM, 2025 WL 1031982, at *2 (M.D. Fla. Jan. 13, 2025) (collecting cases), *report and recommendation adopted*, No. 6:24-CV-629-CEM-UAM, 2025 WL 758162 (M.D. Fla. Mar. 11, 2025). Under FINRA Rule 13904(a), "awards may be entered as a judgment in any court of competent jurisdiction." Given the lack of objection and the "heavy presumption in favor of confirming arbitration awards," *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011), I conclude that the notes incorporate the FINRA rules permitting entry of judgment. Accordingly, I "must" confirm the award. *See* 9 U.S.C. § 9.

### D. Fees and Costs

Last, Wells Fargo seeks "attorneys' fees and costs incurred in responding to the Petition and obtaining confirmation of the Award." Cross Pet. at 15. Hagerman asks the Court to deny Wells Fargo's request, Resp. at 9, but makes no argument. I grant the request. The interplay of the FAA and state contract law regarding fees in this context was not briefed. Absent contrary argument, I turn to Missouri law. Although Missouri law does not govern review of the arbitrator's decision, it *does* apply to interpretation of the parties' contract. And the notes here expressly allow for fees and costs:

> [Hagerman] agree[s] to pay all reasonable costs and expenses incurred by or on behalf of WFAFN in connection with its exercise of any or all of its rights and remedies under this Note, including, without limitation, reasonable attorneys' fees. [Hagerman] hereby waive[s] presentment, demand, protest, and notice of dishonor.

First Note at 3; WCL Note at 3.

Missouri permits parties to contract for attorney's fees in the arbitration context. *See Brown v. Brown-Thill*, 437 S.W.3d 344, 348 (Mo. App. W.D. 2014) (granting attorney's fees for post-arbitration litigation pursuant to the parties' contract and reasoning that, "[w]hile in most circumstances the trial court is granted broad discretion to award attorney's fees, if a claim for attorney's fees is made under a provision of the contract, the trial court must comply with the terms set forth therein"); *cf. Pyne v. IMG Coll., LLC*, No. 8:14-CV-340-T-17EAJ, 2014 WL 5810981, at *4 (M.D. Fla. Nov. 7, 2014) (concluding that attorney's fees were "permissible" in an arbitration proceeding that the parties agreed was governed by both the FAA and Florida arbitration law); *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913–14 (11th Cir. 2006) ("A realistic threat of sanctions may discourage baseless litigation over arbitration awards and help fulfill the purposes of the pro-arbitration policy contained in the FAA."), *abrogated on other grounds by Frazier v. CitiFinancial Corp.*, 604 F.3d 1313 (11th Cir. 2010). I grant Wells Fargo's request.

16

## IV.    CONCLUSION

Accordingly, the following is **ORDERED**:

1.    Hagerman's Petition to Vacate the Arbitration Award (Doc. 1-1) is **DENIED**.

2.    Wells Fargo's Cross Petition to Confirm the Award (Doc. 6) is **GRANTED**.

3.    Wells Fargo's Motion for Attorney's Fees and Costs (Doc. 6) is **GRANTED**.

4.    By **April 7, 2026**, Hagerman and Wells Fargo shall identify all exhibits that contain information that is impermissible under Federal Rule of Civil Procedure 5.2, including social security and bank account numbers. The parties shall file redacted replacements of those exhibits, upon which the Court will strike the original exhibits.

5.    By **April 14, 2026**, Wells Fargo must file a paper detailing the costs and expenses incurred for responding to Hagerman's petition and obtaining confirmation of the award. The memorandum shall include affidavits and billing records in support of the amount and reasonableness of the fees.

**ORDERED** in Tampa, Florida, March 31, 2026.

Kathryn Kimball Mizelle
United States District Judge

18